NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1886.

MATTER OF NISBET.

*In the matter of the estate of* JAMES NISBET, *deceased.*

The rule that, so far as the formalities of execution are concerned, a will is sufficiently proved by proof of the due execution of a codicil unmistakably referring thereto—applied.

APPLICATION for probate of will and codicil.

JOHN TOWNSHEND, THOS. P. DARLINGTON, *and* WILLIAM STONE, *for executors.*

THE SURROGATE.—Unless it is made to appear that, at the time of the execution of the codicil of July 25th, 1881, there was in existence some testamentary paper other than the alleged will of July 20th, 1872, to which the testator intended to refer by using in the codicil the expression " my will," I am clear that the publication of that codicil operated as a republication of the will, and that, so far as concerns the formalities of execution the will is sufficiently proved by proof establishing that the codicil was executed in accordance with law (Goodtitle v. Meredith, 2 *M. & S.*, 6; Barnes v. Crowe, 1 *Ves.*, 486, 497; Maddock v. Allen, 3 *Jur.* [*N. S.*], 965; Allen v. Maddock, 11 *Moore, P. C. C.*, 427; Ingoldby v. Ingoldby, 4 *No. Cas.*, 493; Wikoff's Appeal, 15 *Penn. St.*, 281; Harvy v. Chouteau, 14 *Mo.*, 586; Utterton v. Robins, 1 *Ad. & El.*, 423; Gordon v. Lord Reay, 5 *Sim.*, 274; Payne v. Payne, 18 *Cal.*, 291; Van Cortland v. Kip, 1 *Hill*, 590; Kip v. Van Cortland, 7 *Hill*, 346; Van Alstyne v. Van Alstyne, 28 *N. Y.* 375; Brown v. Clark, 77 *N. Y.*, 369).